UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LINDA S. COOPRIDER,

     Plaintiff,

v.                                    Case No.  5:11-cv-36-Oc-TBS

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____

ORDER

Pending before the Court is Plaintiff's Motion for Attorney's Fees. (Doc. 27).

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff

requests an award of fees in the amount of $4,184.10.  Plaintiff does not seek costs.

The Affidavit and Schedule of Hours for Suzanne Harris confirms the attorney hours.

(Doc. 28).  In his Defendant's Response to Plaintiff's Motion for Attorney's Fees the

Commissioner states that he has no objection to payment of $4,184.10.  (Doc. 30).

Plaintiff asserts that she is the prevailing party in this litigation, that the

Commissioner's position in the underlying action was not substantially justified, and that

her net worth at the time this proceeding was filed was less than two million dollars.[1]

(Doc. 27).  On January 26, 2012, the Court entered an Order reversing and remanding

this cause back to the Commissioner for further proceedings pursuant to sentence four

of 42 U.S.C. § 405(g) and the Clerk entered Judgment. (Doc. 19 and 20).  Plaintiff filed

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

her application for attorney's fees on April 25, 2012.  (Doc. 27).  Plaintiff attached a

copy of the fee agreement, which includes Plaintiff's assignment of EAJA fees to her

counsel.  (Doc. 27-1).  In light of the assignment, Plaintiff requests (and Defendant has

not objected) that the payment should be made payable to Plaintiff and delivered to

Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the

Treasury determines that Plaintiff does not owe a federal debt, the government will

accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C.

§2412(d)), Plaintiff's uncontested petition for attorney's fees (Doc. 22) is hereby

**GRANTED**.  Plaintiff is awarded attorney's fees in the amount of **$4,184.10** and nothing

for costs, to be paid out of the judgment fund**.**  Payment is authorized to Plaintiff's

counsel if the Commissioner determines Plaintiff does not owe a debt to the

government.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida on May 3, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel

2