## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**LINDA S. COOPRIDER,**

     **Plaintiff,**

**v.**                                                                 **Case No:  5:11-CV-36-Oc-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

     **Defendant.**

_____

## ORDER

Pending before the Court is Plaintiff's Uncontested Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(b) and Memorandum.  (Doc. 35.)  Plaintiff represents that the Commissioner has no objection to Plaintiff's Motion.   For the reasons discussed below, Plaintiff's Motion (Doc. 35) is **GRANTED** and the attorney's fees requested are approved in the total sum of **$12,000.00**.

## Background

Plaintiff retained Ms. Suzanne Harris to represent her and entered into a contingency fee agreement, wherein Plaintiff agreed to an attorney fee equal to 25 percent of any past-due benefits awarded.  (Doc. 35-1.)

On January 27, 2011, Plaintiff filed her Complaint appealing the Commissioner's final administrative decision denying her claims for Social Security Disability Insurance. (Doc. 1.)  On June 3, 2011, Plaintiff filed her Brief in Opposition to the Commissioner's decision.  (Doc. 17.)  In Response, the Commissioner filed its Brief in Support of the Commissioner's Decision.  (Doc. 19.)  On January 26, 2012, the Court reversed and remanded this case to the Social Security Administration ("SSA") for further proceedings

pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 25.)  Subsequently, on May 3, 2012, the Court entered an order awarding to Plaintiff's counsel attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,184.10.  (Doc. 31.)

Thereafter, on remand, Plaintiff was awarded past-due benefits.  (Doc. 35-3.)  On October 1, 2012, the SSA issued a letter notifying Plaintiff that it withheld $28,771.73 of the award for attorney's fees, which represents twenty-five percent of Plaintiff's total award.  (*Id.*)  Subsequently, on October 12, 2012, Plaintiff timely filed the instant Motion (Doc. 35) seeking $12,000.00, in attorney's fees, pursuant to the contingency fee agreement dated February 4, 2011.[1]  (Doc. 35.)

## Discussion

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.*

As required by *Gisbrecht v. Barnhardt* – the Supreme Court's most recent pronouncement concerning the award of § 406(b) fees – courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.  *Gisbrecht*, 535 U.S. 789, 808 (2002).  "A contingent-fee agreement is not *per se* reasonable.  Deference should be given, however, to the 'freely negotiated expression both of a claimant's

---

[1] Notably, Plaintiff's counsel represents that she is petitioning for payment of $10,000.00 for work done in front of the agency in this case.  (Doc. 35, p. 3.)  Accordingly, if Plaintiff's counsel is successful on both fee petitions (for the agency and the Court), her total fees will equal less than 25% of Plaintiff's past due benefits, or a total sum of $22,000.00.

willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005).   As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fees are out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.   *Id.* at 808.   In these instances, a downward reduction may be in order.

Here, the Court finds that the requested fees are reasonable for several reasons. As an initial matter, the Commissioner has not challenged the requested fees. Moreover, the requested fees will not result in a windfall for counsel (i.e., that counsel is receiving compensation that counsel is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff).   In this regard, Plaintiff's counsel submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits ultimately awarded.   (Doc. 35-1.)   The amount sought by Plaintiff's counsel for federal court work is $12,000.00, which is

3

reasonable in light of the 23 hours that counsel devoted to representing Plaintiff. In addition, social security law is one of the primary areas of counsel's practice and she has extensive experience in this area. (Doc. 35-2.) Without counsel's diligence and skill, it is unknown whether Plaintiff would have been awarded $86,315.19 (after attorney's fees were withheld) in past due benefits. Further, counsel undertook a substantial risk of a total loss. Indeed, counsel accepted the representation of Plaintiff knowing that Plaintiff had already been denied benefits through four levels of administrative decisions. Finally, the record does not evidence any delays caused by counsel. For these reasons, the Court is satisfied that the fee award is reasonable.

## Conclusion

Accordingly, for these reasons, Plaintiff's Motion (Doc. 35) is **GRANTED**. Section 406(b)(1) fees are approved for Plaintiff's counsel in the sum of **$12,000.00** to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration. In addition, Plaintiff's counsel is directed to return to Plaintiff the sum of **$4,184.10**, representing the EAJA fees that previously were awarded to counsel by the Court.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Ocala, Florida on October 31, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:  All Counsel

4